# EXHIBIT A

FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
08/29/2024 10:18 AM
CV 2024 08 1691

**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

**JUAN K. BAILEY**                              :           **Case No. _____**
8435 Beckett Pointe Drive
West Chester, Ohio 45069                    :

    and

                                 :           **JUDGE**
**KIMBERLY BAILEY**
8435 Beckett Pointe Drive
West Chester, Ohio 45069

                   Plaintiffs,    :           **COMPLAINT**

    vs.

                                   :
**HOME DEPOT USA, INC.**

Serve:

**CORPORATION SERVICE COMPANY**     :
1160 Dublin Road, Suite 400
Columbus, Ohio 43215

Also Serve:

**THE HOME DEPOT STORE #3823**          :
7749 Dudley Drive
West Chester, Ohi 45069

    and

**TECHTRONIC INDUSTRIES POWER**
**EQUIPMENT**                                      :
100 Innovation Way
Anderson, SC 29621
                                   :
Also Serve:

**TECHTRONIC INDUSTRIES COMPANY**   :
**LIMITED**
100 Innovation Way
Anderson, SC 29621                              :

                Defendants.

Now come the Plaintiffs, by and through counsel, and as and for their cause of action against the Defendants, states as follows:

## THE PARTIES

1.      Plaintiffs Juan K. Bailey and Kimberly Bailey currently reside at 8426 Beckett Pointe Drive, West Chester, Butler County, Ohio 45069, and have so resided at all relevant times herein.

2.      Defendant, Home Depot, is a company conducting business in Ohio, including Butler County, Ohio and has so conducted during all relevant times herein.

3.      Defendant, Techtronic Industries Power Equipment is a manufacturer of power equipment sold in Butler County, Ohio.

## FIRST CLAIM FOR RELIEF

4.      On August 24, 2022, Defendant, Home Depot USA, Inc. (hereinafter, "Home Depot") owned, operated, managed and sold goods to the public at the premises located at 7749 Dudley, West Chester, Butler County, Ohio 45069. One of the items sold by Home Depot was a Ryobi Cordless Hedge Trimmer, manufactured by Defendant, Techtronic Industries Power Equipment.

5.      The Ryobi Cordless Hedge Trimmer referenced above was manufactured in the country of Vietnam.

6.      On August 24, 2022, Plaintiff, Juan K. Bailey, purchased a Ryobi Cordless Hedge Trimmer, Serial No. LT21202D170327, from Defendant, Home Depot.

7.      Defendant Home Depot was a supplier as provided in Ohio Revised Code §2307.78.

8.      Prior to using the Ryobi Cordless Hedge Trimmer, Plaintiff, Juan K. Bailey read the Operator's Manual as it pertained to the operation of the hedge trimmer.

2

9.   On August 31, 2022, when attempting to use the hedge trimmer for the very first time, the hedge trimmer malfunctioned, and the blades of the hedge trimmer began operating without activating the switch trigger.

10.   As a result, Plaintiff sustained severe injuries when his hand came into contact with the sharp blades of the hedge trimmer which cut through the glove that he was wearing and lacerated his palm, thumb, index finger and middle finger of his right hand.

11.   As a result of the forgoing, Plaintiff had to seek emergency medical care and received sutures to close the wounds.

12.   As a result of the above, Plaintiff has suffered temporary and permanent bodily injuries to his right dominant hand and continues to have numbness and loss of sensation in his hand and has endured pain and suffering and will continue to do so in the future. Plaintiff, Juan K. Bailey has incurred medical expenses in an amount exceeding $6,685.00 and will continue to incur medical expenses in the future; and has incurred expenses totaling $7,800.00 to hire individuals to perform work on rental properties he owns that he would have otherwise done himself had it not been for these injuries; has suffered damages for the lost enjoyment of life and will continue to suffer damages for the loss of enjoyment of life in the future.

13.   Defendant, Home Depot is subject to liability in the matter pursuant to Ohio Revised Code §2307.78(B)(1) as it appears that the product was manufactured in Vietnam and not subject to judicial process in this state.

14.   Defendant Home Depot was notified via certified mail of Plaintiff's injuries but has failed to respond timely and reasonably to Plaintiffs' counsel or disclose the name and address of the manufacturer of the product and is thus liable pursuant to Ohio Revised Code §2307.78(B)(8).

15.   Defendant, Home Depot represented to consumers entering into its store that it sold products that were reasonably safe and operated as intended.

3

16.     The Ryobi Hedge Trimmer mentioned above did not operate safely nor as intended when it left the control of the supplier, Home Depot, and the representation and the failure to conform to operate safely were the proximate cause of harm for which Plaintiff seeks to recover compensatory damages.

17.     Defendant Home Depot is liable to Plaintiffs pursuant to Ohio Revised Code §2307.78(A)(2).

18.     By reason of all the above, Plaintiff, Juan K. Bailey is entitled to damages against Defendant, Home Depot in an amount to be determined, but in excess Twenty-five Thousand Dollars ($25,000.00) and in excess of the jurisdictional limits of this Court.

## SECOND CLAIM FOR RELIEF

19.     Plaintiff hereby incorporates all the allegations contained in paragraphs one through Eighteen for relief as if fully rewritten herein.

20.     Defendant, Techtronic Industries Power Equipment (hereinafter "Techtronic") is a manufacturer of portable battery-operated hand tools, including but not limited to the brand Ryobi.

21.     Defendant Techtronic manufactured the hedge trimmer referenced above.

22.     Defendant Techtronic owed a duty to Plaintiffs and the general public to design, produce, construct, create, assemble the hedge trimmer in question so that the product operates as intended and is not otherwise defective.

23.     Defendant Techtronic breached its duty to Plaintiffs and the general public by failing to design, produce, construct, create, assemble the hedge trimmer in question so that the product operated as intended and was not otherwise defective.

24.     Defendant Techtronic further owed a duty to Plaintiffs to provide adequate warnings or instructions which would have prevented the injury to Plaintiff.

4

25.     Defendant Techtronic failed to provide adequate warnings or instructions alerting Plaintiff of the defective product.

26.     Defendant Techtronic is liable to Plaintiffs pursuant to Ohio Revised Code §2307.71-§2307.80.

27.     The hedge trimmer in question was a defective product as defined in Ohio Revised Code §2307.74 when it left the control of its manufacturer, it deviated in a material way from the design specifications and performance standards of the manufacturer and from otherwise identical units manufactured to the same design specifications and performance standards.

28.     The hedge trimmer in question was a defective product as defined in Ohio Revised §2307.75 due to the defective design, at the time it left the control of the manufacturer, the foreseeable risks associated with its design exceeded the benefits associated with that design as defined in Ohio Revised Code §2307.75.

29.     The hedge trimmer in question was a defective product as defined in Ohio Revised Code §2307.76 when it provided inadequate warning or instructions when it left the control of its manufacturer when the manufacturer knew, or in the exercise of reasonable care, should have known about the risks that it associated with the product and that caused harm for which the client seeks to recover compensatory damages and the manufacturer failed to provide the warning or instruction that the manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the Plaintiff sustained and seeks to recover compensatory damages and in light of the likely seriousness of that harm.

30.     The hedge trimmer in question was a defective product as defined in Ohio Revised Code §2307.77 when it did not conform to the representations made by Defendant Techtronic when it left the control of the manufacturer and it liable pursuant to Ohio Revised Code §2307.77.

5

31.     As a result of Defendant Techtronic violating the Ohio Revised Codes Sections noted above, Plaintiff has sustained severe and permanent injuries, and incurred medical expenses in amount exceeding $6,685.00 and will continue to incur medical expenses in the future; and has incurred expenses totaling $7,800.00 to hire individuals to perform work on his rental properties that he would have otherwise done himself had it not been for these injuries; has suffered damages for the lost enjoyment of life and will continue to suffer damages for the loss of enjoyment of life in the future.

32.     By reason of all the above, Plaintiff, Juan K. Bailey is entitled to damages against Defendant, Techtronic in an amount to be determined, but in excess Twenty-five Thousand Dollars ($25,000.00) and in excess of the jurisdictional limits of this Court.

## THIRD CLAIM FOR RELIEF

33.     Plaintiffs hereby incorporates all the allegations contained in paragraphs one through Thirty-two for relief as if fully rewritten herein.

34.     Plaintiff, Kimberly Bailey, is the wife of Plaintiff, Juan K. Bailey and has suffered the loss of services and consortium of her husband as a result of the forging.

35.     Plaintiff, Kimberly Bailey is entitled to judgment against Defendants, Home Depot and Techtronic in an amount yet to be determined, but in excess Twenty-five Thousand Dollars ($25,000.00) and in excess of the jurisdictional limits of this Court.

**WHEREFORE,** Plaintiffs prays for judgment against the Defendants, Home Depot and Techtronic in an amount exceeding Twenty-five Thousand Dollars ($25,000.00), Plaintiffs further pray for all relief that they may be entitled to, including their court costs, and for such other and further relief as the Court may find just and equitable in the premises.

/s/ Michael J. Honerlaw
Michael J. Honerlaw (0034469)
Honerlaw Law Office, LLC
Attorney for Plaintiffs
Water Tower Place
7770 West Chester Road, Suite 200
West Chester, Ohio 45069
(513) 847-6060
mike@honerlaw.com

**NOTICE TO CLERK:** Please serve the Defendants at the addresses appearing on Page One by certified mail, return receipt requested.